IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

WILLIAM A. POINTER, JR.                                                                                    PLAINTIFF

vs.                                          Civil No. 2:15-cv-02090

CAROLYN W. COLVIN                                                                                          DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

William A. Pointer, Jr. ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.      Background:**

Plaintiff protectively filed his current disability applications on January 6, 2012.  (Tr. 10, 121-131).  In these applications, Plaintiff alleges being disabled due to a back injury from 2001 and numbness and tingling in his feet.  (Tr. 153).  These applications were denied initially and again upon reconsideration.  (Tr. 58-61).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

Thereafter, Plaintiff requested an administrative hearing on his denied applications, and this hearing request was granted. (Tr. 79-88). This hearing was held on June 6, 2013 in Fort Smith, Arkansas. (Tr. 25-57). At this hearing, Plaintiff was present and was represented by Laura McKinnon. *Id.* Plaintiff and a witness for Plaintiff testified at this hearing. *Id.* During this hearing, Plaintiff testified he was thirty-six (36) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI) and 20 C.F.R. § 404.1563(c) (2008) (DIB). (Tr. 28). As for his education level, Plaintiff also testified he had obtained his GED and completed some college-level work. (Tr. 32).

On December 20, 2013, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 7-19). The ALJ found Plaintiff met the insured status requirements of the Act through September 30, 2012. (Tr. 12, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 7, 2009, his alleged onset date. (Tr. 12, Finding 2). The ALJ found Plaintiff had the following severe impairment: disorder of the back. (Tr. 12-13, Finding 3). The ALJ also determined Plaintiff's impairment did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 13-18, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant may only occasionally

climb, balance, crawl, kneel, stoop, and crouch.
*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff had no PRW he could perform. (Tr. 17-18, Finding 6). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 18-19, Finding 10). To address this issue, the ALJ submitted post-hearing interrogatories to a vocational expert. (Tr. 221-230). Based upon the vocational expert's responses to those interrogatories, the ALJ determined Plaintiff retained the capacity to perform the following occupations: (1) machine tender with approximately 14,100 such jobs in the national economy; (2) assembler with approximately 17,760 such jobs in the national economy; and (3) escort vehicle driver with approximately 19,350 such jobs in the national economy. (Tr. 18-19). Because Plaintiff retained the capacity to perform this other work, the ALJ also determined Plaintiff had not been under a disability, as defined in the Act, from September 7, 2009 through the date of his decision or through December 20, 2013. (Tr. 19, Finding 11).

Thereafter, on January 6, 2014, Plaintiff requested the review of the Appeals Council. (Tr. 5). On March 13, 2015, the Appeals Council denied this request for review. (Tr. 1-3). Plaintiff then filed his Complaint in this case on May 11, 2015. ECF No. 1. The Parties consented to the jurisdiction of this Court on June 15, 2015. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 9-10. This case is now ready for decision.

**2.**     **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

(2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 9. Specifically, Plaintiff raises the following four issues[2]: (A) the ALJ erred by failing to fully and fairly develop the record; (B) the ALJ erred at Step Two of the evaluation; (C) the ALJ erred at Step Three of the evaluation; and (D) the ALJ erred at Step Five of the evaluation. ECF No. 9 at 1-20. In her response, Defendant addresses each of Plaintiff's claims and argues there is no basis for reversal on any of these claims. ECF No. 10 at 1-19. The Court will address each of the arguments Plaintiff has raised.

**A.    Development of the Record**

Plaintiff claims the ALJ "erred in failing to fully and fairly develop the record as to both [his]

---

[2] Plaintiff actually raises five points of error. However, since the second and third points both address the issue of severe impairments, the Court will consider them together.

mental and physical impairments." ECF No. 9 at 1-9. Plaintiff argues the ALJ should have recontacted his examining sources "to obtain a more substantial opinion" as to his capabilities. *Id.* In her response, Defendant argues the record was adequately developed, and there is no need for a remand in this case. ECF No. 10 at 4-7.

Upon review of Plaintiff's and Defendant's arguments and the briefing in this matter, the Court agrees that no remand is required. According to well-settled law, reversal due to an ALJ's failure to develop the record is only warranted where such failure is unfair or prejudicial. *See Haley v. Massanari,* 258 F.3d 742, 748 (8th Cir. 2001). A claimant must show that the ALJ's fuller development of the record would have made a difference in his or her case or could have changed the outcome of his or her case. *See Onstead v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993). In the present action, even assuming the ALJ did not fully and fairly develop the record, Plaintiff still offers no showing of prejudice beyond vaguely claiming that the record was incomplete or insufficient. *See* ECF No. 9 at 1-9. Thus, because there has been no showing of unfairness or prejudice, no remand is required. *See Onstead,* 999 F.2d at 1234 ("absent unfairness or prejudice, we will not remand").

### B.     ALJ's Step Two Determination

Plaintiff claims the ALJ erred in finding his "left foot droop," "bilateral lower extremity neuropathy," and mental impairments were non-severe. ECF No. 9 at 9-14. Plaintiff claims the ALJ should have found all of these impairments to be severe, and his case must be reversed and remanded for further consideration of this issue. *Id.* In response, Defendant argues the ALJ properly evaluated these impairments, and there is no basis for reversal on this issue. ECF No. 10 at 7-11.

Upon review, the Court finds the ALJ properly evaluated Plaintiff's impairments, and there

is no basis for reversal on this issue. First, Plaintiff argues his physical impairments of "left foot droop" and "bilateral lower extremity neuropathy" should have been found to be separate, severe impairments. ECF No. 10 at 7-9. Despite Plaintiff's claim on this issue, however, the ALJ found his neuropathy and left foot droop were severe when he found Plaintiff suffered from the severe impairment of "disorder of the back." (Tr. 12-17). Notably, when the ALJ found Plaintiff's "disorder of the back" to be severe, the ALJ also carefully considered his leg pain and "numbness and tingling in his feet" and assessed his RFC while considering those limitations. (Tr. 14). Thus, the Court finds no basis for reversal on this issue.[3]

Second, as for his alleged mental impairments, Plaintiff offers no medical support for his claim that he suffers from any severe mental impairment. Instead of offering actual evidentiary support, Plaintiff again argues the ALJ should have developed the record as to his mental impairments. ECF No. 9 at 12-14. As noted above, there is no basis for a remand on this issue. Thus, the Court finds this case should not be remanded to consider whether his alleged mental impairments are severe.

    C.    **ALJ's Step Three Determination**

Plaintiff claims the ALJ erred in finding his impairments do not meet the requirements of Listing 1.04 (Disorders of the Spine). ECF No. 9 at 14-16. In making this argument, Plaintiff supplies medical support indicating he could meet some of the requirements of Listing 1.04. *Id.* In response to Plaintiff's argument, Defendant claims Plaintiff simply has not presented sufficient

---

[3] Further, even though Plaintiff tries to separate out these severe impairments, at the administrative hearing in this matter, Plaintiff admitted the only impairment he had sought any treatment for was his back pain: "As far as anything goes, I've just been trying to get my back taken care of right now." (Tr. 41).

evidence demonstrating his back impairment meets or equals all of the requirements of Listing 1.04. ECF No. 10 at 1-13.

In order to meet the requirements of a given Listing, a claimant has the burden of demonstrating his or her impairments meet *all* of the requirements of that Listing. *See Johnson v. Barnhart,* 390 F.3d 1067, 1070 (8th Cir. 2004) (holding "[t]he burden of proof is on the plaintiff to establish that his or her impairment meets or equals a listing"). Here, while Plaintiff attempts to meet that burden by referencing Listing 1.04(A), Plaintiff ignores the first part of Listing 1.04 which requires a "compromise of a nerve root" or "the spinal cord" with one of several spinal disorders, including "herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture." Plaintiff did not even mention these requirements in his briefing or demonstrate he meets these requirements. Thus, Plaintiff simply has not met his burden of demonstrating his impairments meet all of the requirements of Listing 1.04.

### D. ALJ's Step Five Determination

Plaintiff argues the ALJ's Step Five determination is not supported by substantial evidence in the record. ECF No. 9 at 17-19. In making this claim, Plaintiff argues he had been prescribed a cane, and the ALJ erred by failing to include that limitation in his hypothetical to the VE. *Id.* In response, Defendant argues there was no basis for reversal on this issue. ECF No. 10 at 13-18.

Upon review, the Court finds no basis for reversal on this issue. Notably, Plaintiff argues he requires the use of a cane to ambulate, and there is a prescription from June 12, 2013 (Tr. 340) noting Plaintiff needs a "cane for frequent falls." Apart from this prescription, however, there is no other evidence to support Plaintiff's claim that he requires the use of a cane to ambulate. Further, this prescription does not demonstrate Plaintiff needs to use a cane frequently or even occasionally.

Plaintiff's administrative record contains several medical records showing he did not use a cane or any other assistive device. (Tr. 250, 252, 282, 325, 328, 330). Thus, the Court finds no basis for reversal on this issue.

**4.      Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 25th day of January 2016.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE